2000 SD 88

**Jeremy R. HOEFT, Appellant,**

v.

**SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,
Appellee,**

**No. 21236.**

Supreme Court of South Dakota.

Considered on Briefs May 30, 2000.

Decided July 12, 2000.

Nichole A. Carper of Minnehaha County Public Defender, Sioux Falls, Attorney for appellant.

Mark Barnett, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, Attorneys for appellee.

## PER CURIAM.

[¶ 1.] Jeremy Ronald Hoeft appeals from the circuit court order affirming the Board of Pardons and Paroles' decision setting his parole/release eligibility date. We affirm.

### FACTS AND PROCEDURE

[¶ 2.] Hoeft was sentenced on February 5, 1992 to two equal indeterminate sentences of seven to twelve years, for burglary and aggravated assault. He was received at the penitentiary on February 24, 1992. The Board of Pardons and Paroles set his indeterminate sentences at ten years. On January 29, 1993, the sentencing court amended the sentences to ten years each, to be served concurrently, with four years suspended.

[¶ 3.] Hoeft was released on suspended sentence supervision on December 8, 1995. He returned to the penitentiary August 12, 1997 after committing the crime of passing a no account check. His suspended sentence was revoked on September 5, 1997 and the four years were added to his sentence. He was given credit for actual time served but lost one year, six months and three days of accrued street time. On October 21, 1997 he pled guilty to the crime of no account check and was sentenced to serve five years, with two years suspended, to run concurrently with the two ten-year sentences. He was informed of a parole/release eligibility date of October 22, 1998 from all three sentences.

[¶ 4.] Hoeft was later advised his parole/release eligibility date had changed to May of 1999. He petitioned for a date correction and appeared before the Board of Pardons and Paroles at a hearing on February 26, 1999. The Board denied the petition. His appeal to the circuit court was affirmed. Hoeft appeals to this Court and we affirm.*

---

* Hoeft was released on parole from the penitentiary February 15, 2000. We issued an order to show cause why the appeal should not be dismissed as moot. After considering written responses from both parties, we determined the appeal would go forward because determination of this issue will affect other inmates similarly situated. *See Rabenberg v. Rigney*, 1999 SD 71, ¶ 2, 597 N.W.2d 424, 425, n. 2 (appeal not moot because of importance of issues presented); *Sedlacek v. South Dakota Teener Baseball*, 437 N.W.2d 866 (S.D. 1989).

## ANALYSIS AND DECISION

[¶ 5.] To decide this appeal we examine SDCL 24–15A–18:

> In the determination of an inmates' initial parole date, two or more convictions arising from the same transaction, for which the sentences are made to run concurrently, shall be considered as one conviction. Two or more sentences arising from different transactions for which the sentences are made to run concurrently shall be considered as separate convictions. The first parole date shall be figured on the concurrent sentence with the longest time to serve to parole. *If there are different transactions with at least one occurring prior to July 1, 1996, and at least one occurring on or after July 1, 1996, the inmate shall be subject to parole provisions effective at the time of the offense with the longest time to parole eligibility or initial parole.* (emphasis added).

[¶ 6.] Hoeft is serving time under three sentences. On February 5, 1992 he was given two indeterminate sentences, later set by the Board of Pardons and Paroles at ten years each in October 1992. The trial court then reduced Hoeft's sentences to ten years with four years suspended, both to run concurrently. Hoeft was released on suspended sentence status on December 8, 1995.

[¶ 7.] Hoeft's third sentence is for committing the crime of passing a no account check on August 10, 1997. This offense resulted in his return to the penitentiary and revocation of his suspended sentence. The ten-year sentences were imposed with credit for time served but loss of street time of one year, six months, and three days. He was sentenced on the no account conviction on October 21, 1997 to five years with two years suspended. This sentence was to be served concurrently with the ten-year sentences.

[¶ 8.] The Board of Pardons and Paroles calculated that under the two ten-year "old system" sentences, as a second felony, Hoeft's time to parole eligibility is two years, five months, and seven days. Under the 1997 conviction, Hoeft is required to serve forty percent of three years, which the Board computed to be one year, two months, and twelve days, before his initial parole date. The Board found that Hoeft's older sentences carried the longer time to parole than his new sentence and therefore found, pursuant to SDCL 24–15A–18, that they controlled his parole eligibility release date. Specifically, the Board stated in its findings of fact that its calculation was made "based upon the longest time, not on which date on the calendar is later." This decision comports with the plain language of the statute. Hoeft is subject to the parole provisions effective in 1992: "the time of the offense with the longest time to parole eligibility or initial parole." SDCL 24–15A–18. *See* SDCL 24–15–5(2); 24–15–6.

[¶ 9.] Hoeft was serving sentences under both the old and the new parole systems. SDCL 24–15A–18 fixes parole eligibility dates for such persons. We will not construe a statute to arrive at a strained, impractical, or illogical conclusion. *Brim v. S.D. Board of Pardons and Paroles*, 1997 SD 48, ¶ 17, 563 N.W.2d 812, 816. Committing a crime subject to the new parole laws will not earn Hoeft an earlier release date. Giving great weight to the findings made by the Board on the questions of fact, and determining that the statute has been applied correctly and in accord with its plain language, we affirm.

[¶ 10.] MILLER, Chief Justice, SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.