#24243-rev-PER CURIAM
**2007 SD 61**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MICHAEL W. WILLIAMS,                                    Appellee,

    v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                                  Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
CHARLES MIX COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BRUCE V. ANDERSON
Judge

* * * *

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                              Attorneys for appellant.

JASON W. SHANKS of
May and Johnson
Sioux Falls, South Dakota                         Attorney for appellee.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 19, 2007

OPINION FILED 6/27/07

#24243
PER CURIAM

[¶1.]     The Board of Pardons and Paroles (Board) appeals the circuit court's order reversing its decision to deny Michael Williams credit for two years served on supervised release.

FACTS

[¶2.]     Williams was convicted of sexual contact with a minor and sentenced to serve ten years in the penitentiary. However, nine of the ten years were suspended and Williams was placed under the supervision of the Board. Williams signed an agreement on June 16, 2000, setting forth various conditions of his suspended sentence. The relevant condition at issue here provided: "I will keep my Parole Agent informed of my whereabouts and of all activities participated in and submit such reports as required." Williams was also required to complete treatment in a sex offender program.

[¶3.]     On October 28, 2005, Williams' parole agent, David Bruns, prepared a violation report indicating on October 21, 2005, he advised Williams to surrender to the Charles Mix Sheriff's office by 5 p.m. that day for failing to complete a required sex offender program. Williams did not turn himself in that day. Williams testified he was at his grandfather's funeral in Avon, South Dakota, and did not have a vehicle. Bruns made attempts to contact Williams and also his family members. Williams did not return Bruns' phone calls, maintain any contact with him or appear for a scheduled meeting. Williams was located on November 2, 2005, when he was hospitalized for an attempted suicide.

-1-

#24243

[¶4.]        At the revocation hearing, Bruns indicated that Williams was "a constant stream of problems" and a "high-maintenance" parolee.  Prior incidences included drinking and drug use, leaving while on house arrest, curfew violation, failing to notify of residence changes, residing with a minor child without prior approval and missed sexual offender classes.  The Board found that Williams had violated the conditions of his suspended sentence and imposed the original sentence.  In addition, the Board determined that two years of the more than five years that Williams was on supervision would not be credited against the sentence.

[¶5.]        Williams appealed the Board's decision to circuit court challenging the decision to revoke the suspended sentence as well as the denial of two years credit while he was on supervision.  The circuit court upheld the Board's decision finding it did not abuse its discretion in revoking the suspended sentence.  However, the circuit court reversed the Board's decision denying Williams credit for two years spent under supervision reasoning the denial was not commensurate with Williams' conduct leading to revocation.  The Board appeals contending the circuit court erroneously substituted its own judgment for that of the Board.

ANALYSIS

[¶6.]        **Whether the Board erred in denying Williams credit for two years spent on supervised release.**[1]

---

1.    As a threshold matter, Williams contends the Board has waived its right to appeal by only appealing the trial court's determination that the Board abused its discretion and not appealing the determination the Board was clearly erroneous in denying the credit.  Those two holdings are part and parcel of each other.  Reviewing for an abuse of discretion includes an inquiry into the authority for the decision as well as the facts supporting the decision. *See* Iverson v. Wall Board of Education, 522 NW2d 188, 192 (SD 1994).

[¶7.]        In an appeal from an agency decision, "[w]e review questions of fact under the clearly erroneous standard; mixed questions of law and fact and questions of law are reviewed de novo.  Matters of discretion are reviewed under an abuse of discretion standard."  Lee v. Board of Pardons & Paroles, 2005 SD 103, ¶ 6, 705 NW2d 609, 611 (citations omitted).  Further,

> The standard of proof required for a criminal conviction is not necessary to revoke a suspended sentence.  Before the Board may revoke the suspended portion of a sentence, it must be "reasonably satisfied" that the terms of the suspension have not been followed.  So long as there is adequate evidence to support that minimal level of scrutiny, the Board has not abused its discretion in revoking the suspended sentence and its decision should be upheld.

Austad v. Board of Pardons & Paroles, 2006 SD 65, ¶ 8, 719 NW2d 760, 764 (citations omitted).

[¶8.]        SDCL 24-15A-28 governs revocation or modification of parole.  That statute provides:

> If the board is satisfied that any provision of § 24-15A-27 has been violated, it may revoke the parole and reinstate the terms of the original sentence and conviction or it may modify conditions of parole and restore parole status.  In addition, the board may order the denial of credit for time served on parole.  If the board does not find that the provisions of § 24-15A-27 have been violated, the board may restore the parolee to the original or modified terms and conditions of the parolee's parole.

SDCL 24-15A-28.  Williams has not filed a notice of review or contested the circuit court decision upholding the revocation of parole.  The only question is whether the Board abused its discretion in denying credit for two of the five years Williams was on supervised release.

-3-

[¶9.]    Bruns, the parole agent, testified before the Board that based on Williams' conduct and history he was recommending that Williams "lose a minimum of two years of his five years of street time." This recommendation was also contained in a violation report detailing Williams' prior incidents while on supervision; the sanctions imposed for that conduct and the facts supporting this most recent violation. The same two year recommendation was also provided by Bruns' supervisor. The prior sanctions imposed against Williams included: requiring further counseling, a verbal reprimand, adjustments in the required amount of contacts with the agent, establishing a curfew, requiring Williams to prepare a daily log and written reports, being placed on house arrest, and imposing jail time. The Special Assistant Attorney General argued that the Board should deny credit for three years of the supervised time based on Williams' conduct. The Board ultimately agreed with the recommendation of Bruns and denied credit for two years of the supervised time. Given the fact Bruns was the witness with the most contact with Williams, it is not surprising that the Board would accord a degree of deference to his recommendation.

[¶10.]    In reversing the Board's decision, the circuit court re-weighed evidence concerning the severity of Williams' failure to maintain contact and highlighted the fact that although Williams failed to attend the sexual offender treatment program and was dropped, the instructor enjoyed having him there when he attended. The circuit court also narrowed its focus and determined that each prior violation was dealt with by an appropriate sanction and gave those incidents little weight cumulatively in reviewing the Board's decision. Moreover, the circuit court found "Williams' suspended sentence violation stems from his living in a state of poverty

where he could not afford adequate transportation, the death of his grandfather, and other unfortunate circumstances that were partially beyond his control." Rather than providing deference to the Board, these findings represent a circuit court's second judgment on what the appropriate sanction should have been.

[¶11.] As the United States Supreme Court has observed:

> Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole. The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? The first step is relatively simple; the second is more complex. The second question involves the application of expertise by the parole authority in making a prediction as to the ability of the individual to live in society without committing antisocial acts. This part of the decision, too, depends on facts, and therefore it is important for the board to know not only that some violation was committed but also to know accurately how many and how serious the violations were. *Yet this second step, deciding what to do about the violation once it is identified, is not purely factual but also predictive and discretionary.*

Morrissey v. Brewer, 408 US 471, 479-80, 92 SCt 2593, 2599-2600, 33 LEd2d 484 (1972) (emphasis added). Therefore, a reviewing court "must be wary not to retry a case and make new judgments based upon a cold record." *Iverson*, 522 NW2d at 193. To support a reversal, the record must establish the Board's decision was an abuse of discretion, not merely a decision which the circuit court "might have made differently if done so as the initial fact finder." *Id*. Because the circuit court

#24243

exceeded its appellate role, we reverse and remand for the circuit court to enter judgment affirming the Board's decision.

[¶12.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.