#26011-a-DG

**2012 S.D. 12**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STACY BRANT,                                        Appellant,

    v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                               Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE WILLIAM J. SRSTKA, Jr.
Judge

\* \* \* \*

JASON R. ADAMS of
Tschetter & Adams Law Office, PC
Sioux Falls, South Dakota                Attorneys for appellant.

MARTY J. JACKLEY
Attorney General
Pierre, South Dakota

and

PATRICK T. PARDY
Special Assistant Attorney General
Sioux Falls, South Dakota               Attorneys for appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 9, 2012

OPINION FILED **02/08/12**

#26011

GILBERTSON, Chief Justice

[¶1.] Stacy Brant challenges the partial revocation of his suspended sentence, alleging that he did not violate a condition and that he did not have fair warning that a violation may result in revocation of his suspended sentence. We affirm.

## FACTS & PROCEDURAL HISTORY

[¶2.] Brant pleaded guilty to first-degree burglary for an incident occurring at a home in Sisseton, South Dakota, on March 23, 2009. At the change of plea hearing and sentencing on October 1, 2009, the court ordered the following:

> Well the Court has accepted the plea . . . . And at this time the Court would sentence the defendant to serve 15 years in the state penitentiary with 13 years of that time being suspended. . . . He would further be required to provide a full and honest debrief as to the incident at 222 Main Street in Sisseton on March 23, 2009 to law enforcement. Giving the names of each person or persons involved and what that person's involvement was. He would further be expected to cooperate with law enforcement if he is requested to provide additional statements or sworn testimony. He would be expected to do that in a truthful manner.

[¶3.] Immediately after the hearing concluded, Brant completed his debrief with Sisseton Police Chief Jim Croymans, Court Services Officer Kraig Archer, and Brant's attorney, Kay Nikolas. The debrief was conducted under oath, with a court reporter present. After the debriefing, on October 8, 2009, the circuit court signed the Judgment of Conviction and Sentence of the Court. It provided: "It is further ordered that thirteen (13) years of the penitentiary sentence be suspended on conditions that . . . Defendant is to cooperate with law enforcement in all respects

-1-

and is to make a full, honest and truthful de-brief with law enforcement regarding the 3-23-09 incident at 222 Main in Sisseton, SD."

[¶4.] Based on statements from other individuals, Chief Croymans and Archer did not believe that Brant was truthful in his debriefing. The State's attorney submitted documents supporting this position to the South Dakota Board of Pardons and Paroles (Board) on October 28, 2009. Based on this information, a violation report was filed in December 2009 for failure to comply with the Court Order to honestly debrief the incident.

[¶5.] The Board held a hearing in April 2010. Counsel for Brant argued that the circuit court's oral sentence did not say that Brant's suspended time could be revoked if he failed to comply with the truthful debriefing order.[1] Counsel also asserted that Brant was truthful in his debrief. The Board determined that Brant had violated the terms of his sentence and issued an order that six years and six months of his sentence be suspended instead of 13 years. Amended findings of fact and conclusions of law were issued.

[¶6.] Brant appealed the Board's decision to the circuit court. A hearing was held in February 2011. Brant made the same arguments to the circuit court as he had to the Board: that there was a due process violation because Brant did not have a fair warning that failure to truthfully debrief would cause his suspended sentence to be revoked and that he was truthful. The court issued a decision affirming the Board. Brant appeals, alleging that the Board and circuit court erred in

---

1. Ms. Nikolas did not represent Brant before the Board or on appeal.

determining that he was given a fair warning that a failure to honestly debrief would result in the loss of his suspended sentence, and that violated a condition of his suspended sentence.

## STANDARD OF REVIEW

[¶7.]     "Appeals from the Board are governed by SDCL 1-26-37." *Acevedo v. S.D. Bd. of Pardons & Paroles*, 2009 S.D. 45, ¶ 7, 768 N.W.2d 155, 158.  We therefore "review questions of fact under the clearly erroneous standard; mixed questions of law and fact and questions of law are reviewed de novo." *Id.*  "Matters of discretion are reviewed under an abuse of discretion standard." *Id.*

## ANALYSIS

[¶8.]     As we noted in *Grajczyk v. South Dakota Board of Pardons & Paroles*, 1999 S.D. 149, ¶ 13, 603 N.W.2d 508, 512, "it is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty."

> As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities.  But a formal condition is not essential for purposes of notice.  Courts have sustained the revocation of probation for criminal activity committed prior to the effective date of the conditions, or where the defendant was not aware of the conditions.  In such a case, knowledge of the criminal law is imputed to the probationer, as is an understanding that violation of the law will lead to the revocation of probation.  On the other hand, where the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning.

*Id.*

[¶9.] The same rationale applies to parole. Here, the Board and the circuit court determined that Brant's failure to give a full and truthful debrief was "not a violation of the law, meaning he would have needed 'prior fair warning' that a failure to do such could result in revocation of time suspended."[2] The issue before us is whether Brant received a prior fair warning that failing to give an honest debrief could result in a revocation of his suspended sentence. We conclude he did.

[¶10.] The sentencing court stated that it "would sentence the defendant to serve 15 years in the state penitentiary with 13 years of that time being suspended. . . . He would further be *required* to provide a full and honest debrief as to the incident at 222 Main Street in Sisseton on March 23, 2009 to law enforcement. . . . He would further be *expected* to cooperate with law enforcement if he is requested to provide additional statements or sworn testimony. He would be *expected* to do that in a truthful manner." (Emphasis added.) The court's word choice indicated that the debrief was not an option or a recommendation. In the context of that portion of the hearing, the court listed other requirements of Brant's sentence that were also mandatory, such as paying costs, following rules and regulations of the Department of Corrections, and eliminating involvement with gang members. It is not reasonable to construe this requirement as optional; nor is it reasonable to assume that failure to comply would have no consequences.

---

2. We note that Brant gave his debrief under oath, to an officer. If he lied, then he committed perjury. SDCL 22-29-1. Perjury is a crime and knowledge of criminal law is generally imputed. However, because the circuit court based its decision on whether Brant received fair warning, we review the decision in that context.

[¶11.] The parties and the circuit court on appeal discuss *Smith v. Board of Pardons & Paroles*, 515 N.W.2d 219 (S.D. 1994), and *State v. Anderson*, 331 N.W.2d 568 (S.D. 1983). In *Smith*, we held that the defendant did not have fair warning that consumption of alcohol was prohibited as a condition of his sentence, only that he had to complete alcohol treatment. *Smith*, 515 N.W.2d at 224. In *Anderson*, we held that the defendant did have fair warning that he could not drive as a condition of his sentence because it was part of his written order. *Anderson*, 331 N.W.2d at 572. In this case, the circuit court on appeal concluded that Brant's case was somewhere between *Smith* and *Anderson* because the court was clear on the condition but the written order came after Brant had the opportunity to fulfill the condition. Unlike *Smith* or *Anderson*, Brant does not argue that he lacked fair warning of the condition. Rather, Brant argues that he lacked fair warning *of the possible consequences* of a violation of a condition. However, Brant sought no clarification nor raised any questions upon hearing the circuit court's sentence. Based on the context of the hearing and the court's oral sentence, Brant was warned that he had conditions on his sentence.

[¶12.] The court unequivocally indicated that Brant was to truthfully debrief with officers. Brant made no objection at the sentencing to this order.[3] Essentially,

---

3. In fact, Brant's counsel even said that negotiations regarding the plea deal were that the proposed recommendation would be "a 15-year sentence to the penitentiary with 13 years suspended *on such conditions that the Court might set.*" The circuit court also discussed the plea agreement with Brant, saying that in exchange for the State withdrawing the habitual offender information and making a recommendation of a lesser sentence, Brant would "be

(continued . . .)

Brant is arguing that he might have done something different had he been explicitly told his suspended sentence could be revoked if he refused to cooperate or lied. Although Brant makes a due process argument, we have previously said that "[t]here is no constitutional right to lie." *State v. Garber*, 2004 S.D. 2, ¶ 24, 674 N.W.2d 320, 326. Neither is there a statutory one. Brant also implies that he believed the court gave him a 15-year sentence with 13 years suspended but without any conditions that, if violated, would revoke any of the 13 years. This is simply not rational.[4] Moreover, the record does not support Brant's position.

[¶13.] Furthermore, "if the sentencing court was not patently clear at the oral sentencing as to its intent, there is guidance to interpret the intent. An orally pronounced sentence does control over the written judgment, however, if the verbal sentence is not clear, the intent of the sentencing court may be construed from the entire record." *Lykken v. Class*, 1997 S.D. 29, ¶ 13, 561 N.W.2d 302, 306. Even though the circuit court could have explicitly stated that his sentence would be revoked if Brant failed to comply, the written judgment and sentence of the circuit court is clear and unambiguous. It explicitly provides that "thirteen years of the penitentiary sentence be suspended on conditions that . . . . Defendant is to

---

(. . . continued)

    sentenced to serve 15 years in the penitentiary with 13 years suspended . . . [plead] guilty to the charge of First Degree Burglary and the Court then could impose that sentence *as well as the standard terms and conditions.* Is that your understanding of the agreement?" Brant answered affirmatively.

4.     We note that Brant has a criminal record so this was not his first experience with the judicial system.

cooperate with law enforcement in all respects and is to make a *full, honest and truthful* de-brief with law enforcement regarding the 3-23-09 incident at 222 Main in Sisseton, SD." (Emphasis added.) There is no question that it was the court's intent that a truthful debrief be a condition of the suspended sentence.

[¶14.] Brant also argues that the Board erred in determining that he violated the condition of his suspended sentence that he truthfully debrief with law enforcement. Specifically, Brant asserts that Chief Croymans and Archer depended on statements made by three unreliable individuals to reach their conclusion. All three individuals made statements that Brant was not involved and later statements that he was. At the Board hearing, Brant's private investigator testified that Brant had remained consistent on his version of the events. A friend of the victim testified that the victim told him that Brant was not involved.

[¶15.] We have previously noted that:

> Before the Board may revoke the suspended portion of a sentence, it must be "reasonably satisfied" that the terms of the suspension have not been followed. So long as there is adequate evidence to support that minimal level of scrutiny, the Board has not abused its discretion in revoking the suspended sentence and its decision should be upheld.

*Austad v. S.D. Bd. of Pardons & Paroles*, 2006 S.D. 65, ¶ 8, 719 N.W.2d 760, 764. The Board found that it was reasonably satisfied that Brant had violated a condition of his suspended sentence based on the transcript of the debrief and testimony of others. Brant has not demonstrated that this finding is clearly erroneous. Based on a review of the record and giving regard to the circuit court on appeal and the Board's determination of credibility, we affirm.

#26011

[¶16.]     KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.