#26418-rev & rem-DG

**2013 S.D. 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LLOYD ROWLEY,                                    Appellant,

   v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                             Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE STUART L. TIEDE
Judge

* * * *

STEVEN K. RABUCK of
Nichols & Rabuck, PC
Sioux Falls, South Dakota                        Attorneys for appellant.

MARTY J. JACKLEY
Attorney General
Pierre, South Dakota
and
PATRICK T. PARDY
Special Assistant Attorney General
Department of Corrections
Sioux Falls, South Dakota                        Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS ON
NOVEMBER 6, 2012

OPINION FILED **01/16/13**

#26418

GILBERTSON, Chief Justice

[¶1.]     Lloyd Rowley appeals his initial parole date determined by the Department of Corrections (the DOC) pursuant to SDCL 24-15A-32.  The Board of Pardons and Paroles (the Board) and the circuit court affirmed.  We reverse and remand to the Board with instructions to calculate Rowley's initial parole date in conformity with this opinion.

## FACTS

[¶2.]     On October 12, 2007, Rowley pleaded guilty to one count of first-degree injury to property and one count of possession of a controlled substance, both Class 4 felonies.  Rowley, who had three prior non-violent felony convictions, also admitted he was a habitual offender.  In accordance with SDCL 22-7-8.1, the sentencing judge enhanced the sentence for the principal felonies by two levels, equivalent to that of a Class 2 felony.[1]  Rowley was sentenced to 21 years in the penitentiary for both convictions, to be served consecutively.

[¶3.]     Rowley's sentences commenced on June 18, 2007.  According to the DOC, Rowley's initial parole date is June 21, 2027.  The DOC calculated Rowley's initial parole date pursuant to SDCL 24-15A-32.[2]  SDCL 24-15A-32 contains a grid,

---

1.    Accordingly, Rowley could have been sentenced to 25 years in the penitentiary, the maximum penalty for a Class 2 felony, as opposed to 10 years, the maximum penalty for a Class 4 felony.

2.    SDCL 24-15A-32 provides, in relevant part:

    Each inmate sentenced to a penitentiary term, except those under a sentence of life or death, or an indeterminate sentence which is not yet set to a term of years by the board or determined to be ineligible for parole as authorized in § 24-15A-

                                                          (continued . . .)

-1-

which establishes the percentage of an inmate's sentence that must be served before

he is eligible for parole.  Because Rowley's sentences for the principal felonies were

enhanced to correspond with sentences for Class 2 felonies, the DOC applied the

percentage applicable to a Class 2 felony, even though Rowley was convicted of

_____

(. . . continued)

> 32.1, shall have an initial parole date set by the department. This date shall be calculated by applying the percentage indicated in the following grid to the full term of the inmate's sentence pursuant to § 22-6-1.
>
> . . .

### Felony Convictions

| Felony Class | First | Second | Third |
|---|---|---|---|
| Nonviolent | | | |
| Class 6 | .25 | .30 | .40 |
| Class 5 | .25 | .35 | .40 |
| Class 4 | .25 | .35 | .40 |
| Class 3 | .30 | .40 | .50 |
| Class 2 | .30 | .40 | .50 |
| Class 1 | .35 | .40 | .50 |
| Class C | .35 | .40 | .50 |
| Violent | | | |
| Class 6 | .35 | .45 | .55 |
| Class 5 | .40 | .50 | .60 |
| Class 4 | .40 | .50 | .65 |
| Class 3 | .50 | .60 | .70 |
| Class 2 | .50 | .65 | .75 |
| Class 1 | .50 | .65 | .75 |
| Class C | .50 | .65 | .75 |
| Class B | 1.0 | 1.0 | 1.0 |
| Class A | 1.0 | 1.0 | 1.0 |

> Each inmate shall serve at least sixty days prior to parole release.  Inmates with life sentences are not eligible for parole. An initial parole date through the application of this grid may be applied to a life sentence only after the sentence is commuted to a term of years.  A Class A or B felony commuted to a number of years shall be applied to the Class C violent column of the grid.

Class 4 felonies. Thus, the DOC maintains that Rowley must serve 50%, rather than 40%, of his sentence before he is eligible for parole.

[¶4.] Rowley applied to the Board for a final determination of his true and correct parole eligibility date pursuant to SDCL 24-15A-33. On November 15, 2011, the Board entered findings of fact, conclusions of law, and an order affirming Rowley's initial parole date calculated by the DOC. Rowley appealed to the circuit court, which affirmed the Board's decision. Rowley appeals, arguing that the Board acted without authority under South Dakota law by increasing the class of the principal felonies to Class 2 felonies for purposes of parole eligibility. Rowley also raises several constitutional issues on appeal. Because we conclude that the DOC incorrectly calculated Rowley's initial parole date, we decline to address the constitutional issues.

## STANDARD OF REVIEW

[¶5.] "Appeals from the Board are governed by SDCL 1-26-37." *Brant v. S.D. Bd. of Pardons & Paroles*, 2012 S.D. 12, ¶ 7, 809 N.W.2d 847, 849 (quoting *Acevedo v. S.D. Bd. of Pardons & Paroles*, 2009 S.D. 45, ¶ 7, 768 N.W.2d 155, 158). Therefore, we "review questions of fact under the clearly erroneous standard; mixed questions of law and fact and questions of law are reviewed de novo." *Id.* (quoting *Acevedo*, 2009 S.D. 45, ¶ 7, 768 N.W.2d at 158). Because this case involves a question of statutory interpretation, the standard of review is de novo. *State v. Jucht*, 2012 S.D. 66, ¶ 22, 821 N.W.2d 629, 634 (citing *State v. Powers*, 2008 S.D. 119, ¶ 7, 758 N.W.2d 918, 920).

## ANALYSIS AND DECISION

[¶6.]     Rowley argues that the Board acted without authority by increasing the length of time he had to serve before he became eligible for parole based upon his conviction as a habitual offender under SDCL 22-7-8.1. Rowley maintains that SDCL 22-7-8.1 does not substantively change the class of the principal felony; it only enhances the sentence. Further, Rowley stresses that SDCL ch. 24-15A, governing parole, is completely silent on the effect a habitual offender conviction has on parole eligibility. To Rowley, this position is logical because a conviction as a habitual offender does not change the nature of the underlying offense. The Board disagrees, arguing that under SDCL 22-7-8.1, the principal felony is increased to a higher class of felony. In addition, the Board claims the statutory language of SDCL 22-7-8.1 demonstrates legislative intent to enhance the felony class when determining an inmate's parole eligibility date pursuant to SDCL 24-15A-32.

[¶7.]     Whether the habitual offender statute at issue, SDCL 22-7-8.1, increases the class of the principal felony is a question of statutory interpretation.

> The purpose of statutory construction is to discover the true intention of the law, which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the Legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect.

*City of Rapid City v. Estes*, 2011 S.D. 75, ¶ 12, 805 N.W.2d 714, 718 (quoting *State ex rel. Dep't of Transp. v. Clark*, 2011 S.D. 20, ¶ 5, 798 N.W.2d 160, 162). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute

as clearly expressed." *In re Estate of Hamilton*, 2012 S.D. 34, ¶ 7, 814 N.W.2d 141, 143 (quoting *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611).

[¶8.]        SDCL 22-7-8.1 provides,

> If a defendant has been convicted of three or more felonies in addition to the principal felony and none of the prior felony convictions was for a crime of violence as defined in subdivision § 22-1-2(9), the *sentence* for the principal felony shall be enhanced by two levels but in no circumstance may the enhancement exceed the sentence for a Class C felony. A defendant sentenced pursuant to this section is eligible for consideration for parole pursuant to § 24-15A-32 if the defendant receives a sentence of less than life in prison.

(Emphasis added.) A plain reading of the phrase "the sentence for the principal felony shall be enhanced by two levels" indicates that the *sentence* is enhanced, not the principal felony. The words "for the principal felony" merely explain what sentence is enhanced. To construe this phrase as the Board suggests would require us to ignore the words "the sentence for," which we will not do. *See Jensen v. Turner Cnty. Bd. of Adjustment*, 2007 S.D. 28, ¶ 12, 730 N.W.2d 411, 415 ("When [the Court] interpret[s] a statute, . . . effect should be given to every part and every word."). Later, in the same sentence, the Legislature limits the scope of the enhancement providing that "the enhancement [cannot] exceed the sentence for a Class C felony." SDCL 22-7-8.1. Again, the plain language establishes that the sentence is the subject of the enhancement.

[¶9.]        Nonetheless, the Board argues that its position that the principal felony itself is enhanced is supported by prior case law. To support its argument, the Board cites several decisions concerning the habitual offender statutes. Rowley correctly points out that these cases undermine the Board's position because they

support the conclusion that the sentence, rather than the principal felony, is enhanced.

[¶10.] For example, in *State v. Cady*, we declared: "Being a habitual criminal is not a separate offense, rather the *punishment* for the principal crime is enhanced to a higher class of felony (SDCL 22-7-7 et seq.)." 422 N.W.2d 828, 831 (S.D. 1988) (emphasis added). Then, in *In re Novak*, we determined that "*sentencing* upon conviction under [SDCL 22-14-15] may be enhanced through SDCL 22-7-7." 447 N.W.2d 530, 530 (S.D. 1989) (emphasis added). Next, in *State v. Salway*, this Court, citing *Cady*, stated: "[B]eing a habitual criminal enhances the *punishment* for the principal crime to a higher class of felony." 487 N.W.2d 621, 622 (S.D. 1992) (emphasis added). Thereafter, in *State v. Stetter*, we explained that under SDCL 22-7-8.1, "[i]f a defendant has been convicted of three or more prior felonies, his *sentence* for the principal felony is enhanced two levels." 513 N.W.2d 87, 89 (S.D. 1994) (emphasis added). Finally, in *State v. Guthmiller*, we confirmed that "[t]he habitual offender statute SDCL 22-7-7 enhances the *sentence* to the next more severe felony class." 2003 S.D. 83, ¶ 31, 667 N.W.2d 295, 306 (emphasis added). Regardless of the nomenclature we chose, these cases confirm that the habitual offender statutes operate to increase the defendant's sentence, but do not substantively change the class of the principal felony.

[¶11.] Next, the Board directs us to the last sentence of SDCL 22-7-8.1, which provides: "A defendant sentenced pursuant to this section is eligible for consideration for parole pursuant to § 24-15A-32 if the defendant receives a sentence of less than life in prison." The Board contends that because this sentence

references SDCL 24-15A-32, the Legislature intended for the class of the principal felony to be enhanced for parole eligibility purposes.

[¶12.]     However, the last sentence of SDCL 22-7-8.1 merely clarifies that a defendant subject to a sentence enhancement is still eligible for parole so long as his sentence is less than life in prison.  It does not instruct the DOC to enhance the class of the principal felony when calculating an inmate's parole eligibility date, nor does any other portion of SDCL 22-7-8.1.  Likewise, SDCL 24-15A-32 does not contain any such instructions, or, for that matter, a single reference to the habitual offender statutes.  The Board's position essentially asks us to add language to the statutes.  However, "[i]n interpreting legislation, [we] cannot add language that simply is not there." *West v. Dooley*, 2010 S.D. 102, ¶ 14, 792 N.W.2d 925, 928 (quoting *City of Deadwood v. M.R. Gustafson Family Trust*, 2010 S.D. 5, ¶ 9, 777 N.W.2d 628, 632).

[¶13.]     Moreover, SDCL 22-7-8.1 and SDCL 24-15A-32 have substantially different histories and purposes.  As we have previously acknowledged, "[t]he purpose of habitual criminal statutes is to punish a defendant for his persistence in crime." *Roden v. Solem*, 411 N.W.2d 421, 422 (S.D. 1987) (citation omitted).  Whereas, "[t]he object of parole laws is rehabilitation rather than punishment." *Id.* (citation omitted).  Thus, when the two statutes are considered together, it appears that the Legislature never considered how a habitual offender conviction would affect an inmate's parole eligibility.

[¶14.]     The only authority granted to the Board under SDCL 24-15A-32 is to calculate an initial parole date "by applying the percentage indicated in the . . . grid

to the full term of the inmate's sentence[.]" This language, however, does not provide any clear authority to substantively change and enhance the class of the principal felony when determining the percentage to apply to an inmate's sentence, nor does any other provision in SDCL ch. 24-15A governing parole.[3] Without any precise statutory authority in this chapter and more specifically in SDCL 24-15A-32, we cannot agree with the Board that the Legislature intended for the principal felony to be enhanced for parole purposes based upon a habitual offender conviction.

[¶15.] Further, under the Board's position, even though Rowley's criminal conduct corresponds to that of a Class 4 felony, his parole eligibility date would be calculated as though he committed a Class 2 felony. The logical interpretation of the statutory language is that the percentage applied to an inmate's sentence is determined, in part, upon the nature of the crime for which he was convicted, not some formula reserved for sentencing. "We will not construe a statute to arrive at a strained, impractical, or illogical conclusion." *Santema v. S.D. Bd. of Pardons & Paroles*, 2007 S.D. 57, ¶ 14, 735 N.W.2d 904, 908 (quoting *Hoeft v. S.D. Bd. of Pardons & Paroles*, 2000 S.D. 88, ¶ 9, 613 N.W.2d 61, 63).

[¶16.] Finally, the Board's interpretation of the statutory language ignores the fact that SDCL 24-15A-32 already takes into account recidivism. The horizontal axis on the grid found in SDCL 24-15A-32 contains first, second, and third felonies. The Board's position factors an inmate's prior felony convictions in twice: first on

---

3. We note that when the Legislature chose to change the class of the principal felony, it provided directions. For example, the last sentence of SDCL 24-15A-32 provides that "[a] Class A or B felony commuted to a number of years shall be applied to the Class C violent column of the grid."

the vertical axis, then on the horizontal axis. The Board argues that this approach is reasonable because the grid does not account for felony convictions in excess of three; its approach does.

[¶17.]     The Board fails to recognize that the parole eligibility statutes have never accounted for more than three prior felony convictions. Parole was established in 1905 "when it was created by § 4 of ch. 144 of the 1905 Session Laws." *Brim v. S.D. Bd. of Pardons & Paroles*, 1997 S.D. 48, ¶ 6 n.2, 563 N.W.2d 812, 813 n.2. Then, an inmate was not eligible for parole "until he . . . served one-half of the time for which he was sentenced." 1911 S.D. Sess. Laws ch. 198, § 1. By 1939, the parole statute, SDC 13.5301, "contained a detailed formula for when a[n] [inmate] was eligible for parole[,]" which, like SDCL 24-15A-32, did not account for felony convictions in excess of three.[4] *Brim*, 1997 S.D. 48, ¶ 13, 563 N.W.2d at 815.

---

4.     SDC 13.5301 read in part:

[T]he Governor shall issue an order to the Warden of the penitentiary that such convict shall be paroled and temporarily released from the Penitentiary and allowed to go to such county in the following cases:

(1)  A person who shall have been convicted of a felony for the first time, and who shall have been under the age of twenty-five years at the time of such conviction, shall be eligible for parole after he shall have served one-fourth of the time for which he was sentenced, allowing time earned for good behavior;

(2)  A person who shall have been convicted of a felony for the first time, and who shall have been over the age of twenty-five years at the time of such conviction, shall be eligible for parole after he shall have served one-third of the time for which he was sentenced, allowing time earned for good behavior;
(3)  A person who shall have been convicted of a felony for a second time shall be eligible for parole after he has served one-half of the time for which he was sentenced, allowing time earned for good behavior;

(continued . . .)

Although subsequent revisions were made to the statutory scheme for parole eligibility, it was never amended to account for more than three felony convictions. *See* 2004 S.D. Sess. Laws ch. 168, § 56; 1988 S.D. Sess. Laws ch. 196, § 2; 1978 S.D. Sess. Laws ch. 186, § 20; 1975 S.D. Sess. Laws ch. 174, § 1.

[¶18.]     Evidently, the Legislature is aware that some inmates have more than three felony convictions, but chose to consider only three for purposes of determining an inmate's initial parole date. As previously stated, "[we] cannot add language that simply is not there[,]" nor can we "attempt to rewrite the law to conform with what we or others think it should have said." *Dooley*, 2010 S.D. 102, ¶ 14, 792 N.W.2d at 928 (quoting *City of Deadwood*, 2010 S.D. 5, ¶ 9, 777 N.W.2d at 632); *State v. Burdick*, 2006 S.D. 23, ¶ 18, 712 N.W.2d 5, 10 (quoting *MGA Ins. Co., Inc. v. Goodsell*, 2005 S.D. 118, ¶ 29, 707 N.W.2d 483, 488). Therefore, we do not agree with the Board that the Legislature intended to account for an inmate's prior felony convictions twice.

[¶19.]     Lastly, our interpretation does not permit an inmate with a life sentence to be eligible for parole. Both SDCL 22-7-8.1 and SDCL 24-15A-32 expressly state that the parole statutes do not apply to an inmate who has received a life sentence. *See* SDCL 22-7-8.1 ("A defendant sentenced

_____

(. . . continued)

(4) A person who shall have been convicted of a felony two or more times previously shall be eligible for parole after he shall have served three-fourths of the time for which he was sentenced, allowing time earned for good behavior;

(5) A convict on whom has been imposed an indeterminate sentence shall be eligible for parole after he has served the minimum of such sentence, allowing time earned for good behavior.

pursuant to this section is eligible for consideration for parole pursuant to §

24-15A-32 [only] if the defendant receives a sentence of less than life in

prison."); SDCL 24-15A-32 ("Each inmate sentenced to a penitentiary term,

except those under a sentence of life or death, . . . shall have an initial parole

date set by the department. . . .  Inmates with life sentences are not eligible

for parole.").  Accordingly, our interpretation is strictly limited to inmates

who have received less than a life sentence, and are thus eligible for parole.

## CONCLUSION

[¶20.]        By its plain language, SDCL 22-7-8.1 does not substantively change

the principal felony nor does the reference to SDCL 24-15A-32 in the last sentence

of SDCL 22-7-8.1 demonstrate legislative intent to enhance the felony class when

determining an inmate's parole eligibility date pursuant to SDCL 24-15A-32.

Further, this Court's prior decisions confirm that SDCL 22-7-8.1 enhances a

defendant's sentence, not the principal felony.  Finally, nowhere in SDCL 24-15A-32

did the Legislature say that the principal felony may be increased due to a habitual

offender conviction when determining an inmate's initial parole date.  As a result,

the Board acted without authority in determining that Rowley was a Class 2 felon

when calculating his initial parole date.  We reverse and remand to the Board with

directions to calculate Rowley's initial parole date consistent with the dictates of

this opinion.

[¶21.]        ZINTER and WILBUR, Justices, concur.

[¶22.]        KONENKAMP and SEVERSON, Justices, dissent.

#26418

SEVERSON, Justice (dissenting).

[¶23.] I respectfully dissent. While I agree with the majority that SDCL 22-7-8.1 does not change the class of the principal felony, Rowley's parole eligibility is determined by SDCL 24-15A-32, based on his enhanced sentence due to prior felony convictions.

[¶24.] We use statutory construction to find the "'true intention of the law, which is to be ascertained primarily from the language expressed in the statute.'" *State ex rel. Dep't of Transp. v. Clark*, 2011 S.D. 20, ¶ 5, 798 N.W.2d 160, 162 (quoting *In re Guardianship of S.M.N., T.D.N., and T.L.N.*, 2010 S.D. 31, ¶ 9, 781 N.W.2d 213, 217-18). "'When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.'" *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17).

[¶25.] The language here is clear. SDCL 22-7-8.1 provides, in part, "[i]f a defendant has been convicted of three or more felonies in addition to the principal felony . . . the sentence for the principal felony shall be enhanced by two levels. . . ." Rowley's sentence was enhanced by two levels because he had three prior non-violent felony convictions. His enhanced sentence was based on a Class 2 felony sentence. SDCL 24-15A-32 directs the Board of Pardons & Paroles to calculate a parole date "by applying the percentage indicated in the following grid to the *full term of the inmate's sentence* pursuant to § 22-6-1." (Emphasis added.) Importantly, SDCL 24-15A-32 clearly expresses that the percentage of time served

-12-

before parole eligibility is based on applying the grid to the full term of the inmate's sentence.

[¶26.] SDCL 24-15A-32, as passed by the Legislature, clearly states that parole eligibility is based on the full term of a sentence. The full term of a sentence includes habitual offender enhancements. It follows, from reading the statute as a whole,[5] that the words "Felony Class" on the grid in SDCL 24-15A-32 reference the full term that a defendant is actually sentenced to serve, including habitual offender enhancements, not just the class of the underlying felony for which the defendant was convicted.

[¶27.] For this reason, I respectfully dissent and would affirm the trial court.

[¶28.] KONENKAMP, Justice, joins this dissent.

---

5. The whole-text canon "calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012). This canon construes the statute as a whole to provide context, which "is a primary determinant of meaning." *Id.*