#25788-a-DG

**2011 S.D. 20**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

THE STATE OF SOUTH DAKOTA,
Acting by and through the
Department of Transportation
and the South Dakota
Transportation Commission,                    Plaintiff and Appellant,

v.

PHILIP G. CLARK, P & J
ENTERPRISES, L.L.C. and
HANSEN MANUFACTURING,
CORPORATION,                                  Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE GENE PAUL KEAN
Judge

* * * *

CONSIDERED ON BRIEFS
ON MARCH 21, 2011

OPINION FILED **05/11/11**

JAMES E. MOORE of
Woods, Fuller, Shultz & Smith PC
Sioux Falls, South Dakota

and

WILLIAM FULLER of
Fuller & Sabers, LLP
Sioux Falls, South Dakota                    Attorneys for plaintiff
                                             and appellant.


MARK V. MEIERHENRY
CLINT SARGENT
WILLIAM E. BLEWETT of
Meierhenry & Sargent, LLP
Sioux Falls, South Dakota                    Attorneys for defendants
                                             and appellees.

#25788

GILBERTSON, Chief Justice

[¶1.]  The South Dakota Department of Transportation (DOT) obtained title to the defendants' land through eminent domain.  The jury determined the amount of just compensation to award for the taking of defendants' land.  The trial court awarded prejudgment interest.  As a result of the total award including prejudgment interest, the landowner was awarded attorneys' fees and expert witness fees under SDCL 21-35-23.  The DOT challenges the award of attorneys' fees and expert witness fees.  We affirm.

## FACTS

[¶2.]  P&J Enterprises, whose principal shareholder was Phil Clark, owned property on West 12th Street in Sioux Falls, South Dakota.  The property was leased to Hansen Manufacturing Corporation.[1]  The DOT contacted Clark about construction on West 12th Street to widen the road, which would require taking a portion of Clark's land.  After the DOT and Clark were unable to negotiate terms for the taking, the DOT resorted to eminent domain.  The DOT obtained title to the property in January 2006 through a "quick-take" proceeding under SDCL ch. 31-19.

[¶3.]  The DOT filed a final offer before trial in the amount of $277,550.00.  Clark rejected that offer.[2]  At trial, the sole issue presented to the jury was the

---

1.     For clarity, the appellees will collectively be referred to as "Clark."

2.     This offer did not state whether it included interest or any other costs.  Both parties make arguments regarding whether prejudgment interest was or was not included in the DOT's final offer before trial.  Clark contends that prejudgment interest was included in DOT's final offer because it would have included all elements of damages caused by the taking, which includes prejudgment interest.  The DOT, however, argues that when the offer was

(continued . . .)

-1-

amount of just compensation for the taking. The jury returned a verdict in the amount of $320,000.00. The trial court added prejudgment interest of $21,074.91, bringing the total to $341,074.91. SDCL 21-35-23 provides that a landowner is entitled to attorney and expert witness fees if the "amount of just compensation awarded to the defendant by final judgment" exceeds the final offer by at least 20%. The trial court held that under SDCL 21-35-23, an award of prejudgment interest must be added to the amount of the jury verdict before it can be compared to the final offer before trial in order to determine if expert witness and attorneys' fees are appropriate. In this case, the compensation awarded to Clark exceeds the final offer by 20% only if the prejudgment interest award is included. The trial court concluded Clark's award exceeded the 20% threshold and, as a result, awarded attorneys' fees in the amount of $51,940.00 and expert witness fees in the amount of $17,732.85 under SDCL 21-35-23.

[¶4.]        On appeal, the DOT raises one issue:

> Whether the trial court erred in awarding expert witness and attorneys' fees under SDCL 21-35-23 when the final judgment exceeded the final offer before trial by 20% only if prejudgment interest was included.

---

(. . . continued)

> made "counsel understood that the comparison to be made under SDCL 21-35-23 was between the amount of the jury's verdict and the final offer," and that the parties never discussed whether the offer included prejudgment interest. We do not analyze this issue because even if it were clear from the record whether prejudgment interest was included in the final offer, it would not be dispositive of the issue on appeal.

#25788

## STANDARD OF REVIEW

[¶5.]        "Statutory interpretation is a question of law, reviewed de novo."

*Nodak Mut. Ins. Co. v. McDowell,* 2010 S.D. 54, ¶ 7, 784 N.W.2d 483, 485.

> The purpose of statutory construction is to discover the true intention of the law, which is to be ascertained primarily from the language expressed in the statute.  The intent of a statute is determined from what the Legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used.  Words and phrases in a statute must be given their plain meaning and effect.  When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and [this] Court's only function is to declare the meaning of the statute as clearly expressed.

*In re Guardianship of S.M.N., T.D.N., and T.L.N.,* 2010 S.D. 31, ¶ 9, 781 N.W.2d 213, 217-18.

## ANALYSIS

[¶6.]        The Fifth Amendment of the United States Constitution provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." Article VI, § 13 of the South Dakota Constitution provides in part that "[p]rivate property shall not be taken for public use, or damaged, without just compensation, which will be determined according to legal procedure established by the Legislature and according to § 6 of this article."  The legal procedure established by the Legislature at issue here is whether Clark should be awarded attorneys' and expert witness fees under SDCL 21-35-23.

[¶7.]        SDCL 21-35-23 provides:

> If the *amount of compensation awarded to the defendant by final judgment* in proceedings pursuant to this chapter is twenty percent greater than the plaintiff's final offer which shall be

> filed with the court having jurisdiction over the action at the time trial is commenced, and if that total award exceeds seven hundred dollars, the court *shall*, in addition to such taxable costs as are allowed by law, allow reasonable attorney fees and compensation for not more than two expert witnesses, all as determined by the court.

(Emphasis added.)[3]  The DOT does not contest that Clark is entitled to prejudgment interest nor does it argue that the trial court incorrectly calculated the amount of interest or fees.  Instead, the DOT argues that prejudgment interest cannot be included within "compensation" when making the comparison to the final offer before trial.

[¶8.]    To support its position, the DOT advances several arguments on appeal.[4]  First, the DOT argues that the language of SDCL 21-35-23 does not support the trial court's decision because it does not explicitly require that prejudgment interest be added to the verdict.  Specifically, the DOT asserts that in an eminent domain case, "compensation" does not necessarily include prejudgment

---

3.    Although SDCL 21-35-23 specifically refers to "proceedings pursuant to this chapter" and the property at issue was obtained by the procedures established under SDCL 31-19-3, SDCL 31-19-21 provides that "[n]othing in §§ 31-19-1 to 31-19-19, inclusive, shall be construed as to impair any provisions of chapter 21-35, but the proceedings herein provided shall be construed as additional and cumulative thereto."  It is therefore appropriate that SDCL 21-35-23 be applied in this proceeding.

4.    The parties do not address South Dakota's common-law definition of "just compensation," which is defined as "the full market value [of the property] at the time of taking." *State Hwy. Comm'n v. Am. Mem. Parks*, 82 S.D. 231, 236, 144 N.W.2d 25, 28 (1966).  "Market value" is defined as "the highest price for which land can be sold in the open market by a willing seller to a willing buyer, neither acting under compulsion and both exercising reasonable judgment." *Id.*  Although this measure of damages "has been uniformly adhered to by the [South Dakota Supreme Court]," we do not analyze this argument because the parties did not raise it.

interest. Instead, the DOT maintains that "compensation" must be understood in the context of SDCL ch. 21-35, which provides in several sections that the jury decides the amount of compensation. *See* SDCL 21-35-1, -15. Further, prejudgment interest, in contrast, is decided by the trial court and therefore should not be included within "compensation" under SDCL 21-35-23. Additionally, the DOT contends that "final judgment" only means an "appealable" judgment, not a judgment including prejudgment interest.

[¶9.] In response, Clark argues that the plain language of SDCL 21-35-23 is clear and unambiguous, in that the "amount of compensation awarded to the defendant by final judgment" includes an award of prejudgment interest. If the Legislature intended "compensation" to mean only the jury's verdict, it would have said so. Furthermore, Clark argues that the nature of a jury's verdict in a condemnation action is clarified by SDCL 31-19-33, which provides in part that "[t]he judgment shall include interest at the Category A rate of interest . . . on the amount finally awarded as the value of the property." Clark also asserts that prejudgment interest is a required element of a landowner's award under SDCL 21-1-13.1 and SDCL 31-19-33; or, at the very least it is an element of this award because the DOT did not object to it.

[¶10.] "In matters of statutory interpretation, [this Court begins] with the plain language and structure of the statute." *State v. Miranda*, 2009 S.D. 105, ¶ 24, 776 N.W.2d 77, 84 (quoting *Coserv Ltd. Liab. Corp. v. Sw. Bell Tele. Co.*, 350 F.3d

482, 486 (5th Cir. 2003)).[5] "We presume the Legislature never intends to use surplusage in its enactments, so where possible the law must be construed to give effect to all its provisions." *Wiersma v. Maple Leaf Farms*, 1996 S.D. 16, ¶ 5, 543 N.W.2d 787, 789 (citing *US West Commc'ns v. Pub. Util. Comm'n,* 505 N.W.2d 115, 123 (S.D. 1993)). SDCL 21-35-23's phrase, "awarded to the defendant by final judgment," modifies the word "compensation." To interpret the phrase "awarded to the defendant by final judgment" to mean only the jury's verdict would negate the legislative purpose of including a phrase to indicate what "compensation" is to be compared to the final offer before trial. This construction supports the trial court's decision that prejudgment interest should be included in the amount of "compensation" that is compared to the final offer before trial.

[¶11.]    Both parties urge us to examine other statutes in order to explain words and phrases found in SDCL 21-35-23. Generally, it is true that "[i]ntent must be determined from the statute as a whole, as well as enactments relating to the same subject." *Id.* (citing *Border States Paving v. Dept. of Revenue*, 437 N.W.2d 872, 874 (S.D. 1989)). However, viewing SDCL ch. 21-35 in conjunction with other

---

5.    The trial court and both parties discuss whether language in *City of Sioux Falls v. Johnson (Johnson III)*, 2003 S.D. 115, ¶ 7, 670 N.W.2d 360, 362, is controlling. In that case, this Court was reviewing whether the amount of attorneys' fees awarded was an abuse of discretion. As part of the discussion, this Court stated that "SDCL 21-35-23 provides that if the verdict in favor of the landowner exceeds seven hundred dollars and is twenty percent greater than the condemning authority's prior offer, the trial court shall allow reasonable attorney fees[.]" *Id.* This statement paraphrased SDCL 21-35-23. The term "compensation" was not at issue in that case; it was the amount of attorneys' fees. Thus the language from *Johnson III* is inapplicable here.

statutes concerning a similar subject – in this case SDCL ch. 31-19 – does not reinforce either parties' position. A review of the statutes in SDCL ch. 21-35 and SDCL ch. 31-19 shows that each word in those statutes must be understood in context. In other words, no clear indication of the meaning of "compensation" or "judgment" is provided by reviewing SDCL ch. 21-35 or SDCL ch. 31-19. Because no clear meaning can be discerned by reviewing these statutes, we must conclude that the Legislature chose to use "compensation," "just compensation," "verdict," or "judgment" to achieve each statute's purpose.

[¶12.]       The DOT argues that the "purpose of [SDCL 21-35-23] is not to compensate, but to encourage a condemning authority to make fair and reasonable settlement offers before trial by imposing a penalty for offers that were, considered retrospectively based on the jury's verdict, inadequate." We addressed the purpose of SDCL 21-35-23 in *City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 111 (S.D. 1994). There, we stated that "[t]he formula [in SDCL 21-35-23] indicates that the [L]egislature meant to discourage the condemnor from making inequitably low jurisdictional offers." *Id.* (quoting *Standard Theatres v. State, Dep't of Transp.*, 349 N.W.2d 661, 668 (Wis. 1984)). Our view from *Kelley* has not changed. The purpose of SDCL 21-35-23 is to encourage fair offers from a condemnor; if the final offer is found to be unfair based on a comparison with a jury's verdict, the condemnor will also have to pay attorneys' fees and expert witness fees. Because a prejudgment interest award is part of the litigation made necessary by a condemnor, it is appropriate that it be included for purposes of the comparison.

**CONCLUSION**

[¶13.]      Based upon the plain language of SDCL 21-35-23, we conclude that the Legislature intended to include prejudgment interest as part of compensation for purposes of calculating whether expert witness and attorneys' fees should be awarded.  The trial court is affirmed.

[¶14.]      KONENKAMP, ZINTER, and SEVERSON, Justices, and, AMUNDSON, Retired Justice, concur.

[¶15.]      AMUNDSON, Retired Justice, sitting for MEIERHENRY, Justice, disqualified.