HOFFMAN, Circuit Court Judge
(concurring).
[¶ 21.]. I concur in the majority decision. I write separately to address the standing issue.
*720 [¶ 22.] In my view the City does have standing within the strictures of Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and Benson v. State, 2006 S.D. 8, 710 N.W.2d 131, by virtue of its. having accepted the surety bonds in lieu of actual completion of the contemplated improvements under RCMC 16.20.060 and SDCL 11-6-29. Acceptance of the surety bond is “in lieu of the completion of such work and installations previous to the final approval of [the] plat[.]” SDCL 11-6-29. According to the express language of the ordinance, acceptance of a surety bond by the City, for purposes of effectuating plat acceptance, is the functional equivalent of satisfactory construction of the improvements by the Developer and the subsequent approval of the same by the Director of Public Works. RCMC 16.20.060. Accordingly, once a plat is approved under this alternative procedure, it may be recorded and the City then assumes responsibility for the infrastructure developed within the public areas identified therein.
[¶ 23.] According to South Dakota law, once the plat is approved, it may be recorded with the register of deeds. SDCL 11-3-6, 11-6-26, 11-6-34. Once that occurs, ownership and maintenance responsibility for the public areas within the subdivision passes to the City. SDCL 11-3-12. See also Herrmann v. Bd. of Comm’rs of City of Aberdeen, 285 N.W.2d 855, 856 (S.D.1979); Haley v. City of Rapid City, 269 N.W.2d 398, 400 (S.D.1978). Only upon that contingency may the Developer actually sell the subdivided lots. SDCL 11-6-35. The various developments at issue in this case were approved between 1998 and 2005. Had development and subdivision not occurred, the plats could have been vacated and the public rights returned to Developers. Seé SDCL 11-3-16. That is not what occurred in this case. Rather, the infrastructure is substantially completed in the developments, but the City seeks remediation from the Developers for certain quality control issues that have not passed final inspection by the City Engineer.
[¶ 24.] As the majority points out, Developers are not relieved of their obligations to bring the improvements into compliance with the City’s Construction Specifications merely because the sureties that facilitated acceptance and recording of the plats have now expired. Rather, the Developers continue to be legally bound, pursuant to RCMC 16.16.010(B), to finish the job and build the infrastructure according to the Specifications. If, as the City now asserts, the Developers have defaulted in their obligations, and, were it the case that the Developers could not be held to account for the same, then the City ultimately would be obligated to bring the infrastructure within the public areas into compliance with the plats because the City owns them. 64 C.J.S. Municipal Corporations § 1790 (2011); Haley, 269 N.W.2d 398.
[¶ 25.] The City has not issued an acceptance letter pursuant to the Construction Specifications documenting the start of the Developers’ warranty period for improvements, due to its perception that the infrastructure is incomplete. However, the City’s failure to issue an acceptance letter is of no consequence to the determination of the standing issue. As a matter of law, the City accepted the plats when it accepted the sureties in lieu of actual project completion, and title to the public areas vested in the City when the plats were recorded. This is the only cogent reconciliation of the applicable statutes and ordinances, when given their plain meaning. State ex rel. Dep’t of Transp. v. Clark, 2011 S.D. 20, ¶ 5, 798 N.W.2d 160, 162.
*721 [¶ 26.] The City’s final “acceptance letter,” is merely an expression of the City’s recognition that the Developers’ work has met the Construction Specifications, and, as such, is a red herring vis-a-vis the standing issue. The City’s withholding of the acceptance letter does not override the clear terms of the legislation and ordinances setting forth that acceptance of a surety bond constitutes final approval of the corresponding plat, which, when recorded, incorporates the infrastructure within that platted area into the City’s maintenance domain, as a matter of law. Accordingly, the City’s remedy for alleged inadequate adherence by the Developers to the Construction Specifications in this context is to bring suit against the Developers, which is precisely what has occurred in this case. The City is indeed the real party in interest pursuant to SDCL 15-6-17(a) in this action, and has the concomitant standing to enforce via litigation the Developers’ obligations to bring the public improvements at issue in this case into compliance with the applicable specifications.