SEVERSON, Justice
(dissenting).
[¶ 23.] I respectfully dissent. While I agree with the majority that SDCL 22-7-8.1 does not change the class of the principal felony, Rowley’s parole eligibility is determined by SDCL 24-15A-32, based on his enhanced sentence due to prior felony convictions.
[¶ 24.] We use statutory construction to find the “‘true intention of the law, which is to be ascertained primarily from the language expressed in the statute.’ ” State ex rel. Dep’t of Transp. v. Clark, 2011 S.D. 20, ¶ 5, 798 N.W.2d 160, 162 (quoting In re Guardianship of S.M.N., T.D.N., and T.L.N., 2010 S.D. 31, ¶ 9, 781 N.W.2d 213, 217-18). “‘When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court’s only function is to declare the meaning of the statute as clearly expressed.’” Martinmaas v. En-gelmann, 2000 S.D. 85, ¶49, 612 N.W.2d 600, 611 (quoting Moss v. Guttormson, 1996 S.D. 76, ¶10, 551 N.W.2d 14, 17).
[¶ 25.] The language here is clear. SDCL 22-7-8.1 provides, in part, “[i]f a defendant has been convicted of three or more felonies in addition to the principal felony ... the sentence for the principal felony shall be enhanced by two levels.... ” Rowley’s sentence was enhanced by two levels because he had three prior non-violent felony convictions. His enhanced sentence was based on a Class 2 felony sentence. SDCL 24-15A-32 directs the Board of Pardons & Paroles to calculate a parole date “by applying the percentage indicated in the following grid to the full term of the inmate’s sentence pursuant to § 22-6-1.” (Emphasis added.) Importantly, SDCL 24-15A-32 clearly expresses that the percentage of time served before parole eligibility is based on apply *368 ing the grid to the full term of the inmate’s sentence.
[¶ 26.] SDCL 24-15A-32, as passed by the Legislature, clearly states that parole eligibility is based on the full term of a sentence. The full term of a sentence includes habitual offender enhancements. It follows, from reading the statute as a whole,[5] that the words “Felony Class” on the grid in SDCL 24-15A-32 reference the full term that a defendant is actually sentenced to serve, including habitual offender enhancements, not just the class of the underlying felony for which the defendant was convicted.
[¶ 27.] For this reason, I respectfully dissent and would affirm the trial court.
[¶ 28.] KONENKAMP, Justice, joins this dissent.

. The whole-text canon "calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts.” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 167 (2012). This canon construes the statute as a whole to provide context, which "is a primary determinant of meaning.” Id.