#26438-a-SLZ

**2013 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DAVID ELLINGSON,                                Plaintiff and Appellant,

    v.

JIM AMMANN,                                     Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
GRANT COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE RONALD K. ROEHR
Judge

* * * *

ROBERT L. SPEARS
Watertown, South Dakota                         Attorney for plaintiff
                                                and appellant.


JACK H. HEIB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise,
  Sauck & Hieb, LLP
Aberdeen, South Dakota                          Attorneys for defendant
                                                and appellee.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 12, 2013

OPINION FILED **04/10/13**

#26438

ZINTER, Justice

[¶1.]     At the start of each beekeeping season, Ellingson's Inc. placed its honey bees on the real property of others, a common practice in the beekeeping industry. After Ellingson's Inc. determined it would no longer own bees, it sought to lease to other beekeepers the right to place bees on the property of some of the landowners with whom Ellingson's Inc. had been doing business. In the spring of 2011, Jim Ammann (Ammann), a competing beekeeper, sought permission to place his bees on the property of a number of the landowners who had previously given Ellingson's Inc. permission to place bees. At least six landowners subsequently revoked the permission they had given Ellingson's Inc. and granted Ammann permission to place his bees on their property. David Ellingson (David), a principal in Ellingson's Inc., then sued Ammann for interference with a business relationship and other related causes of action. The circuit court granted summary judgment in favor of Ammann on procedural and substantive grounds. We affirm because David had no business interference claim that he could assert in his individual capacity.

*Facts and Procedural History*

[¶2.]     David was the president of Ellingson's Inc., a corporation involved in beekeeping and the manufacture and marketing of honey. During his years in the beekeeping business, David never personally owned bees outside of Ellingson's Inc. As is common in the beekeeping industry, Ellingson's Inc. placed its bees on the property of others during the honey-producing season. In return, at the close of each season, Ellingson's Inc. provided the landowners with a package of honey, known as "yard rent."

-1-

[¶3.] In the fall of 2010, Ellingson's Inc. provided its landowners with a letter informing them that David would be retiring. The landowners were also informed that although some aspects of the business would continue, Ellingson's Inc. would no longer own bees. However, the letter assured the landowners that Ellingson's Inc. would arrange for other beekeepers to bring bees to the landowners' property. The record reflects that Ellingson's Inc. was planning to "lease" to other beekeepers the right to place bees on the landowners' property.

[¶4.] South Dakota law requires that beekeepers file a permission slip, signed by each landowner, confirming that the beekeeper is authorized to place bees on the landowner's property.[1] In preparing for the 2011 season, Ellingson's Inc. obtained permission slips from individual landowners in January 2011. In May 2011, David learned that six landowners cancelled the permission slips given to Ellingson's Inc. and granted permission slips to Ammann.

[¶5.] David subsequently filed suit against Ammann for interference with a business relationship, fraud and misrepresentation, and unfair competition. After discovery, Ammann moved for summary judgment. The circuit court issued a memorandum decision granting Ammann's motion. A final order was filed four days later. Although David contends there were issues of fact precluding summary judgment on the merits, it is only necessary to address two questions on appeal: (1)

---

1. SDCL 38-18-3 provides: "Any person owning, leasing, or possessing bees shall file an application registering the bees and each apiary with the secretary. . . . The landowner or lessee authorizing the placement of an apiary on a location may revoke the authorization by notifying the owner of the apiary and the secretary in writing."

whether David was entitled to relief in his individual capacity, and (2) whether David is entitled to appellate attorney's fees.

*Decision*

[¶6.] The circuit court first granted Ammann summary judgment reasoning that David was not entitled to relief in his individual capacity.[2] "The general rule is that the corporation is looked upon as a separate legal entity until there is sufficient reason to the contrary." *Mobridge Cmty. Indus., Inc. v. Toure, Ltd.*, 273 N.W.2d 128, 132 (S.D. 1978). Further, "[e]very action shall be prosecuted in the name of the real party in interest." SDCL 15-6-17(a). "The real party in interest rule is satisfied 'if the one who brings the suit has a real, actual, material, or substantial interest in the subject matter of the action.'" *Biegler v. Am. Family Mut. Ins. Co.*, 2001 S.D. 13, ¶ 27, 621 N.W.2d 592, 600. "The purpose of the real party in interest provision is to assure that a defendant is required only to defend an action brought by a proper party plaintiff and that such an action must be defended only once." *Id.*

[¶7.] David brought this suit in his individual capacity. But David conceded that he "does not and has never personally owned any bees, outside of Ellingson's [Inc.]." Further, the "Bee Location Permission" slips, which granted the right to place bees on the landowners' property, granted that right to Ellingson's Inc., rather

---

2. "This Court reviews entry of summary judgment de novo." *Hass v. Wentzlaff*, 2012 S.D. 50, ¶ 11, 816 N.W.2d 96, 101. "Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied." *Id.*

than David as an individual.[3] Because David had no business expectancy with the landowners other than through Ellingson's Inc., the circuit court did not err in granting summary judgment on the basis that David had no individual claims.

[¶8.] On appeal, however, David argues that he "should have been given an opportunity to amend his complaint" and that the grant of summary judgment on this basis was "unduly harsh." We disagree because David failed to seek this relief below. A memorandum decision is not a binding decision ending the case. *Poindexter v. Hand Cnty. Bd. of Equalization*, 1997 S.D. 71, ¶ 18, 565 N.W.2d 86, 91. "As its name implies, a memorandum opinion is merely an expression of the trial court's opinion of facts and law." *Jones v. Jones*, 334 N.W.2d 492, 494 (S.D. 1983). Therefore, "[i]t is the prerogative of the [circuit] court to re-think a decision from the bench or a memorandum decision." *Id.* David did not ask the circuit court to reconsider or move to amend his complaint to substitute parties before the judgment became final.

[¶9.] David also failed to seek relief from the final judgment. "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding[.]" SDCL 15-6-60(b). A party may seek such relief on the basis of "[m]istake, inadvertence, surprise or excusable neglect[.]" SDCL 15-6-60(b)(1). But David did not seek relief from the judgment on the ground of surprise or excusable neglect.

---

3. Only one of the permission slips at issue even mentions David, and even that permission slip appears to grant permission to the corporation.

[¶10.]	David's first request to amend his complaint was made in his reply brief filed with this Court. "A party may not raise an issue for the first time on appeal, especially in a reply brief when the other party does not have the opportunity to answer." *Agee v. Agee*, 1996 S.D. 85, ¶ 21 n.4, 551 N.W.2d 804, 807 n.4; *see also State v. Engesser*, 2003 S.D. 47, ¶ 32, 661 N.W.2d 739, 750. Failing to raise an issue prior to appeal effectively serves as a waiver. *Engesser*, 2003 S.D. 47, ¶ 32, 661 N.W.2d at 750. Because David failed to move to amend his complaint before final judgment was entered, because he did not seek relief in the circuit court from the final judgment, and because he did not request to amend his complaint until his reply brief filed with this Court, David failed to preserve his appellate arguments that he should have been given the opportunity to amend his complaint and that summary judgment was unduly harsh.

[¶11.]	Given that David has no individual claims against Ammann, the circuit court's summary judgment is affirmed. Because David was not the proper party plaintiff, we do not address the grant of summary judgment on the merits.

[¶12.]	David seeks appellate attorney's fees under SDCL 15-26A-87.3. SDCL 15-26A-87.3 provides that appellate attorney's fees may be sought "in actions where such fees may be allowable . . . ." "We have interpreted this to mean that appellate attorney fees may be granted 'only where such fees are permissible at the trial level.'" *Grynberg Exploration Corp. v. Puckett,* 2004 S.D. 77, ¶ 33, 682 N.W.2d 317, 324. The failure to cite authority that "appellate attorney fees are proper in this type of action" serves as a waiver of the motion for attorney's fees. *SBS Fin. Servs., Inc. v. Plouf Family Trust*, 2012 S.D. 67, ¶ 25, 821 N.W.2d 842, 847. Although

David's motion demonstrates technical compliance with the requirements of SDCL 15-26A-87.3, his motion fails to demonstrate that "such fees [are] allowable[.]" *See* SDCL 15-26A-87.3.  Further, David has not prevailed on appeal.  Accordingly, David's motion for appellate attorney's fees is denied.

[¶13.]        GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.