#27018-rev & rem-SLZ

**2014 S.D. 65**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF
G.T.C. and E.M.C., Minor Children

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CHERYLE W. GERING
Judge

\* \* \* \*

TAMARA D. LEE
Yankton, South Dakota

Attorney for appellants
Christine and Daniel Iiams.

WANDA HOWEY-FOX of
Harmelink, Fox & Ravnsborg
Yankton, South Dakota

Attorneys for appellees
guardians & conservators
Larry and Joan Clark.

DANA J. LARSON of
Kabeiseman & Pollard
Yankton, South Dakota

Attorneys for appellee mother
Roxanne Snoozy.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 25, 2014

OPINION FILED **09/17/14**

#27018

ZINTER, Justice

[¶1.]　　　　This case involves a dispute over the payment of reasonable attorney's fees necessarily incurred in the course of a guardianship and conservatorship. The question is whether the fees are to be paid from the estate or by the guardian and conservator personally. We conclude that under the relevant statutory language, such fees are to be paid from the estate.

*Facts and Procedural History*

[¶2.]　　　　In 2009, after G.T.C.'s and E.M.C.'s mother was imprisoned, the children went to live with their half-sister, Christine Iiams, her husband Daniel Iiams, and the Iiamses' three children. This was the third time G.T.C. and E.M.C. had lived with the Iiamses because the children's mother could not care for them. The Iiamses did not petition for a guardianship and conservatorship, and they cared for the children until 2013 without court involvement.

[¶3.]　　　　In 2013, with the release of the mother from prison approaching, the Iiamses petitioned for a guardianship and conservatorship. The court appointed them as temporary guardians and conservators. The Iiamses were not, however, appointed the permanent guardians and conservators. They allowed their temporary guardianship and conservatorship appointment to lapse, and they agreed to the appointment of Larry and Joan Clark.[1] The Iiamses then moved for the attorney's fees that had been incurred while they were the temporary guardians and conservators. The circuit court considered the motion in two memorandum decisions.

---

1.　　　Larry Clark is the cousin of the children's father.

-1-

#27018

[¶4.] In the first decision, the court found that the hourly rate charged by the attorney and the time spent on the case were reasonable. However, the court declined to decide who should pay the fees. The court explained "that before [the Iiamses could] take monies from the children's future estate assets, they [had] to make some showing as to what was done with the assets they received on behalf of the children during the time period the formal temporary guardianship and conservatorship was in place."[2] According to the court, that showing was necessary before it could determine whether the fees should be paid from the children's estate or whether the Iiamses should pay the fees personally.

[¶5.] The court considered Iiamses' showing and issued its second memorandum decision. The court found that a vehicle retained by the Iiamses was part of the children's estate. The court allowed the Iiamses to keep the vehicle, and the court reduced the attorney's fee request by the vehicle's value ($2,000). The court indicated that it did "not expect [the attorney] to accept the vehicle as payment for her fees, but rather, as the [Iiamses] are being awarded the vehicle, they are expected to be personally responsible for $2,000 in attorneys' fees[.]" The court also found that the Iiamses, while acting as guardians and conservators, had used the children's estate (Social Security benefits) "for the benefit not only of the minor children, but also for the benefit of themselves and their own children." The court calculated the value of that use ($1,800) and also subtracted that amount from

---

2. The court cited SDCL 29A-5-116 as its authority for ordering this showing. However, the court also stated that "SDCL [c]hapter 29A-5 [did] not appear to require an accounting when there is an appointment of temporary conservators." This issue was not briefed, and we express no opinion on the matter.

the attorney's fee request. Finally, the court noted that the Iiamses still retained

$48.30 from the children's estate, and the court subtracted that from the attorney's

fee request. The court then calculated that the Iiamses had "received more in estate

assets for their personal benefit" than the claim for attorney's fees.[3] Therefore, the

court denied the motion, concluding that the Iiamses were "personally responsible

for paying the attorneys' fees[.]"

*Decision*

[¶6.]      On appeal, Iiamses argue that the right to recover attorney's fees is

statutory, and the relevant statute provides that reasonable fees are to be paid from

the estate.[4] We agree.

[¶7.]      Iiamses had the power to employ attorneys and pay them reasonable

compensation for services rendered for the guardianship and conservatorship. *See*

SDCL 29A-5-411(18) (granting a conservator the power "[t]o employ persons,

including attorneys . . . and to pay them reasonable compensation"). Payment for

the attorney's services is governed by SDCL 29A-5-116. That statute specifically

identifies the source from which the fees are to be paid. It states that "[a]ny . . .

attorney for any guardian or conservator . . . [is] entitled to reasonable

---

3.    The court offset the fee request as follows:

|  | |
|---|---|
| $3,413.14 | attorney's fee request |
| -    $48.30 | cash still held by Iiamses |
| - $2,000.00 | value of the vehicle |
| - $1,800.00 | value of personal benefits Iiamses obtained |
| ($435.16) | |

4.    Statutory interpretation is a question of law reviewed de novo. *Pfuhl v. Pfuhl*, 2014 S.D. 25, ¶ 4, 846 N.W.2d 778, 779 (citation omitted).

compensation *from the estate*, including reimbursement for costs advanced." *Id.* (emphasis added). Thus, when attorneys for guardians and conservators are entitled to reasonable compensation for their services, the fees are to be paid "from the estate[.]" *Id. See also In re Guardianship of S.M.N.*, 2010 S.D. 31, ¶ 38, 781 N.W.2d 213, 227 (noting that SDCL 29A-5-116 authorized compensation for attorneys from the estate).

[¶8.]     The circuit court was justifiably concerned with the Iiamses' misuse of the children's estate. But in this case, no one contends that the fees were unreasonable, unnecessary, or that the attorney's services were in any way related to the Iiamses' misuse of the estate. Furthermore, the attorney represented the guardianship and conservatorship, not the Iiamses personally. Under the clear and unambiguous language of SDCL 29A-5-116, the attorney for the guardianship and conservatorship was entitled to her fees from the estate rather than guardians and conservators personally.[5] "When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and [this] Court's only function is to declare the meaning of the statute as clearly expressed." *Save Our Neighborhood—Sioux Falls v. City of Sioux Falls*, 2014 S.D. 35, ¶ 8, 849 N.W.2d 265, 268 (alteration in original) (quoting *Dep't of Transp. v. Clark*, 2011 S.D. 20, ¶ 5, 798 N.W.2d 160, 162).

[¶9.]     The circuit court cited no authority authorizing a reasonable attorney's fee request to be offset by some benefit the guardian or conservator may have

---

5.     An attorney's complicity in or facilitation of the misuse of estate assets could justify the denial of fees under SDCL 29A-5-116 because those fees would not be reasonable.

personally obtained. We also see no language in SDCL 29A-5-116 allowing the court to directly or constructively permit guardians and conservators to retain estate assets and then require the estate's attorney to recover his or her fee from the guardians and conservators personally. We acknowledge that the court and the Clarks had legitimate concerns that the Iiamses had improperly used some estate assets to benefit their family. *See* SDCL 29A-5-404.[6] But once the court found that the fees were reasonably incurred, the court's required "showing as to what was done with the assets [the Iiamses] received" was no longer a prerequisite to the payment of the fees from the estate under SDCL 29A-5-116. The remedy for the guardians' and conservators' personal misuse of the estate's assets lies elsewhere.[7]

---

6. SDCL 29A-5-404 provides in part:

> A conservator of a minor . . . shall apply the income and principal of the estate as needed for the *minor's* support, care, health and education.
>
> . . . .
>
> A conservator shall at all times act in the *minor's* best interests and shall exercise reasonable care, diligence, and prudence.

(Emphasis added.) We have not considered whether the Iiamses misused estate assets because that issue was not raised on appeal. This opinion should not be read to require or preclude further proceedings addressing that issue on remand.

7. SDCL 29A-5-504 is one example. It provides in relevant part:

> Upon petition by any interested person or on the court's own motion, the court may remove a guardian or conservator or order other appropriate relief if the guardian or conservator:
>
> . . .
>
> (4) Wastes or mismanages the estate, unreasonably withholds distributions or makes distributions in a negligent or profligate manner, or otherwise abuses powers or fails to discharge duties;

(continued . . .)

[¶10.] We conclude that under the facts of this case, the Iiamses' personal use of estate assets was not relevant to the question whether reasonable and necessary attorney's fees were payable from the guardianship and conservatorship estate. SDCL 29A-5-116 is clear: the guardianship and conservatorship attorney was entitled to reasonable compensation from the estate. The circuit court erred in requiring attorney's fees to be recovered from guardians and conservators personally. This matter is reversed and remanded for further proceedings consistent with this opinion.

[¶11.] Both parties moved for appellate attorney's fees under SDCL 15-26A-87.3. "[A]ppellate attorney's fees may be sought 'in actions where such fees may be allowable.'" *Ellingson v. Ammann*, 2013 S.D. 32, ¶ 12, 830 N.W.2d 99, 102 (quoting SDCL 15-26A-87.3). We have interpreted SDCL 15-26A-87.3 "to mean that appellate attorney fees may be granted only where such fees are permissible at the trial level." *Id.* (internal quotation marks omitted) (quoting *Grynberg Exploration Corp. v. Puckett*, 2004 S.D. 77, ¶ 33, 682 N.W.2d 317, 324). Here, attorney's fees were awardable at the trial level, there was no statutory basis to deny the motion for attorney's fees in the circuit court, and the Iiamses are the prevailing parties on appeal. Appellate attorney fees of $2,257.27 are awarded.

[¶12.] GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.

---

(. . . continued)

       . . .

       (12) Is not acting in the best interests of the minor or protected person or of the estate even though without fault.