#28130-r-SLZ

**2018 S.D. 10**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

In The Matter of
The Conservatorship of
MARTIN A. BACHAND, a Person Alleged
to Need Protection.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE HEIDI LINNGREN
Judge

\* \* \* \*

JENNIFER L. TOMAC of
Tomac & Tomac, PLLC                          Attorneys for Appellant,
Rapid City, South Dakota                     Beverly Sears, Guardian.


KAREN PAIGE HUNT
Sturgis, South Dakota                        Attorney for Appellee, Michael
                                             Bachand, Interested Party.


ERIKA S. OLSON of
Lynn Jackson Shultz & Lebrun, PC             Attorneys for Appellee, Lyndell
Rapid City, South Dakota                     Petersen, Conservator.

\* \* \* \*

CONSIDERED ON BRIEFS ON
NOVEMBER 6, 2017

OPINION FILED **01/24/18**

#28130

ZINTER, Justice

[¶1.]		The question on appeal is whether a guardian's attorney fees should be paid from a protected person's estate when the fees were incurred in responding to pleadings to remove the guardian and to move the protected person to an assisted living facility. We reverse the circuit court's denial of fees and remand to determine whether the fees were reasonable in amount and necessarily incurred in the administration of the guardianship.

*Facts and Procedural History*

[¶2.]		Martin Bachand suffered a head injury in 2006. His son Michael Bachand was appointed guardian in 2007 and conservator in 2008. Notwithstanding the guardianship, Martin continued to live with his significant other and caregiver, Beverly Sears.

[¶3.]		Michael and Martin began having disagreements, and Michael suffered a stroke in 2010, which required him to resign. A settlement agreement was reached under which Sears replaced Michael as guardian and Lyndell Petersen became Martin's conservator.

[¶4.]		Martin continued to live with Sears. The court preauthorized budgeted, monthly guardianship expenses associated with Martin living in Sears's home. For example, in 2014, the approved budgeted expenses included $250 for adult daycare providers, $900 for in-home-care providers, and $829.50 for Sears's household expenses. However, Martin was occasionally placed in facilities outside Sears's home, which required expense approvals from Petersen or the court. In 2016, Sears suffered from health issues that required her hospitalization and

-1-

limited her ability to care for Martin. This also required Petersen to request additional care for Martin.

[¶5.] Michael became dissatisfied with Sears as Martin's guardian. In August 2016, he filed a motion to have Martin placed in an assisted living facility. He also petitioned to have Sears removed as guardian, alleging that she was unfit. Michael alleged that she had limited ability to care for Martin, that her acts frequently required expenditures exceeding what the court had authorized, and that she failed to file annual guardianship reports for several years. Michael also alleged that Sears benefitted personally from the guardianship arrangement because it provided both Sears and Martin with financial resources, house cleaning, and meal preparation. Sears retained attorneys from Tomac & Tomac to respond to the petition and motion. Sears's attorney fees and some of the related expenses are the subjects of this appeal.

[¶6.] The attorney services included matters such as reviewing the entire nine-year-old case file, having property appraised, having Martin and his living conditions evaluated, conducting depositions, researching issues, and drafting court documents in response to Michael's motion and petition. Following extensive preparation, a two-day hearing was scheduled. Although the parties and counsel appeared at the courthouse prepared to try the matter, the court urged the parties to confer and consider a settlement. The parties conferred and settled both disputes at the courthouse. Sears agreed to step down as guardian but Martin would not be moved to a facility. He would remain in Sears's care in her home.

[¶7.]        At the conclusion of the hearing, Sears orally moved for her attorney

fees incurred in this dispute ($19,102.86).  The circuit court took the matter under

advisement and held an additional hearing on the matter.[1]  After considering

arguments of counsel, the court denied the motion.  Sears appeals.

*Decision*

[¶8.]        Sears argues her attorney fees should be paid from the estate under

SDCL 29A-5-116.  That statute provides: "Any . . . attorney for any guardian or

conservator . . . [is] entitled to reasonable compensation from the estate, including

reimbursement for costs advanced."  *Id*.  "Thus, when attorneys for guardians or

conservators are entitled to reasonable compensation for their services, the fees are

to be paid 'from the estate.'"  *In re Guardianship of G.T.C.*, 2014 S.D. 65, ¶ 7,

854 N.W.2d 343, 345 (quoting SDCL 29A-5-116).  The question in this case is

whether Sears's attorneys were "attorney[s] for any guardian," and if so, whether

their fees were "reasonable."  *See* SDCL 29A-5-116.

[¶9.]        To be an "attorney for any guardian" within the meaning of SDCL 29A-

5-116, the attorney's services must be "necessarily incurred in the administration of

the [guardianship.]"  *See In re Guardianship & Conservatorship of Miles*, 2003 S.D.

34, ¶ 30, 660 N.W.2d 233, 238-39.  If the services were necessarily incurred in the

administration of the guardianship, then only those fees that are "reasonable" may

be paid "from the estate."  *See* SDCL 29A-5-116.  Factors to consider when

---

1.     No evidence was taken at the hearing.  Although Sears's attorney prepared
       and sent to the parties an affidavit and itemized sheet listing the attorney
       fees, neither of those documents appear in the settled record.  It is not clear
       whether those documents were formally filed with the circuit court.

determining the reasonableness of fees include: "the time and skill required; whether the case precluded the attorney from accepting other employment; the fee customarily charged in the locality; the amount involved and the results obtained; the time limitations imposed; the nature and length of the relationship; the experience, reputation and ability of the attorney; and whether the fee was fixed or contingent." *See In re Estate of Mathison*, 468 N.W.2d 400, 406 (S.D. 1991).

[¶10.]    Sears argues the fees were reasonable in amount and necessary for her, as Martin's guardian, to respond to Michael's petition and motion. She contends that as the court-appointed guardian, she had a duty to respond with particularity. In her view, she should not have to personally pay her attorneys when the purpose of their services was to gather evidence and prepare for a hearing that concerned the guardianship. She also contends that a number of attorney services related to necessary guardianship administration such as reviewing the file, preparing guardianship reports, obtaining evaluations of Martin and his living conditions, participating in depositions, and responding to subpoenas.

[¶11.]    Appellees, however, argue that the services were not necessarily incurred and that the fees were not reasonable in amount. With respect to necessity, they contend these proceedings were necessary only because Sears failed to fulfill her duties as Martin's guardian. They also contend that Sears obtained the services solely to preserve her status as guardian and personally benefit from household-expense payments incidental to the guardianship. Michael separately

contends Sears misused her authority and failed to follow court orders.[2]

[¶12.]     The circuit court did not address these specific contentions, each of which is related to the necessity of the services in administering the guardianship or the reasonableness of the fee amount. In its bench decision, the court denied the fees, stating that they were not "appropriate" for Martin's estate to pay. Although the court suggested that the fees may have been reasonable in amount, it specifically declined to make that determination.[3] The court also indicated that its decision was based on prior guardian acts and proceedings that had occurred before Sears's current attorneys performed their services in these proceedings.[4]

---

2.     Petersen also argues that fees should not be paid from the estate because he did not, as Martin's conservator, employ Sears's attorneys. He contends a guardian's attorney fees may only be paid from the estate when the attorney is hired or authorized by the appointed conservator because the conservator has the power to employ attorneys. *See* SDCL 29A-5-411(18). However, SDCL 29A-5-116 does not condition payment of fees only upon authorization by the conservator, and we will not read such a requirement into the statute. *See In re Estate of Flaws*, 2016 S.D. 60, ¶ 44, 885 N.W.2d 336, 349.

3.     The court explained:

> So I don't believe that . . . the fees are appropriate for Martin to be paying, but I don't want that to be mistaken that there's any finding that what was submitted I'm making a finding about reasonableness. That was your work and I believe in the work that both of you have done. It's just getting to the point as to what Martin is responsible for and is not responsible for.

4.     The Court ruled:

> [M]y ruling isn't because I don't feel, Ms. Tomac, that you didn't do the appropriate things because you had to represent [Sears] in the agreement that you had with her when she came to you, but it is whether or not Martin should pay for it. And I can't make that finding based on Ms. Sears'[s] total past behavior. And a good share of the hearings were unnecessary but for the

(continued . . .)

[¶13.] The circuit court's decision presents four problems for appellate review. First, the court denied the motion without determining that the fees were either unreasonable in amount or not necessarily incurred in the administration of the guardianship. *See* SDCL 29A-5-116; *Miles*, 2003 S.D. 34, ¶ 30, 660 N.W.2d at 238-39. Although the court referenced these predicate tests governing the issue—and although the court's oral ruling suggests how it may have applied those tests to some of the legal services—the court did not apply those tests to the legal services that were actually provided. This is significant because even though Appellees support the court's decision, they do not argue that *all* the services were unreasonable in amount and unnecessarily incurred.

[¶14.] Second, the court's ruling suggests that its determination was based in part on Sears's conduct in other disputes occurring before the proceedings at issue. We acknowledge that prior misconduct could be relevant. But we were not privy to the prior proceedings, and the circuit court did not explain how the prior proceedings made these proceedings unnecessary in the administration of the guardianship. This is significant because even if Sears was acting unnecessarily in the earlier matters relating to other issues in this guardianship, attorney fees may nevertheless be necessarily incurred in later matters regarding the guardianship. *See G.T.C.*, 2014 S.D. 65, ¶¶ 8-9, 854 N.W.2d at 345-46 (concluding that guardians' prior misuse of estate assets was not relevant to a subsequent attorney-fee request because the attorney fees were not related to misuse of estate assets and the

_____

(. . . continued)
> actions that she took or didn't take at my direction and those
> before me.

attorney's services were reasonably incurred in the administration of the guardianship).

[¶15.]    Third, the circuit court's written order suggests that the court denied the fees under a provision that only applies to attorneys who have not been retained by the guardian.[5]  When the attorney has not been retained by the guardian or conservator, the services must "result[] in an order that [is] beneficial to the minor, the protected person, or the estate."  SDCL 29A-5-116.  But "if the fees for services of an attorney employed by the guardian are necessarily incurred in the administration of the [guardianship]," then it is not necessary to show a benefit to the estate.  *Miles*, 2003 S.D. 34, ¶ 30, 660 N.W.2d at 238-39.

[¶16.]    Finally, the fee request was subject to a number of specific objections that were asserted below but not resolved by the circuit court.  For example, Appellees contended below (and now on appeal) that Sears's attorneys spent too much time on some things and billed for document preparation that was unnecessary and never used.  Appellees also contend that the cost of an appraisal and related services were unnecessary.

[¶17.]    In other contexts, this Court "require[s] trial courts to enter findings of fact and conclusions of law when ruling on a request for attorney fees.  Without findings of facts and conclusions of law there is nothing to review."  *Streier v. Pike*, 2016 S.D. 71, ¶ 26, 886 N.W.2d 573, 581.  Findings of fact and conclusions of law are also necessary in this kind of case.  After all, Sears may be entitled to some fees.

---

5.    The court ruled in part that the "fees incurred for the representation of Mrs. Sears . . . did not benefit the person or the estate of Martin Bachand."

First, she appears to have prevailed on Michael's motion to move Martin to an assisted living facility. On appeal, Sears argues that this was a resolution that Michael wanted and it was resolved in part upon an evaluation of a court-appointed therapist that was obtained during these proceedings. Second, we find it difficult to generally envision a situation in which the preparation of the guardianship report would not be necessary in the administration of the guardianship. Third, even Appellees concede that as guardian, Sears had a right to legal counsel. But we also acknowledge Appellees' contention that Sears was either unwilling or unable to exercise her duties as a guardian. They also contend that Sears misused the guardianship trust. These contentions highlight our appellate dilemma. Without a resolution of factual matters relating to these conflicting claims, we are unable to meaningfully review the circuit court's decision. We reverse and remand for the circuit court to address the parties' conflicting claims and determine whether Sears's attorney services were necessarily incurred in the administration of the guardianship and whether the fees were reasonable in amount.

[¶18.]      GILBERTSON, Chief Justice, and SEVERSON, Justice, SOGN, Circuit Court Judge, and WILBUR, Retired Justice, concur.

[¶19.]      SOGN, Circuit Court Judge, sitting for KERN, Justice, disqualified.

[¶20.]      JENSEN, Justice, did not participate.